14-503
Wen v.Lynch

BIA
Christensen, IJ
A200 168 496

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand fifteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> JOHN M. WALKER, JR.,
> DENNY CHIN,
> > *Circuit Judges.*

_____

MING WEN,
> *Petitioner,*

v.                                                14-503
                                                  NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Scott E. Bratton, Cleveland, Ohio.

FOR RESPONDENT:          Joyce R. Branda, Acting Assistant
                         Attorney General; Jesi J. Carlson,
                         Senior Litigation Counsel; Andrew C.
                         MacLachlan, Senior Litigation

**Counsel; Natasha Domek, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ming Wen, a native and citizen of China, seeks review of a January 31, 2014, decision of the BIA, affirming the August 1, 2012, decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re Ming Wen*, No. A200 168 496 (B.I.A. Jan. 31, 2014), *aff'g* No. A200 168 496 (Immig. Ct. N.Y. City Aug. 1, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications like Wen's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility determination on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements and other record evidence, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). Here, substantial evidence supports the agency's adverse credibility determination.

The agency reasonably relied in part on Wen's demeanor, noting that his testimony was at times evasive and unresponsive. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Shu Wen Sun v. BIA*, 510 F.3d 377, 381 (2d Cir. 2007) (per curiam). That finding is supported by the hearing transcript.

The agency's overall credibility determination was bolstered by implausibilities and inconsistencies in Wen's statements regarding his Chinese Democratic Party ("CDP") activities. *See Li Hua Lin v. U.S. Dep't of Justice*, 453

3

F.3d 99, 109 (2d Cir. 2006); *Xiu Xia Lin*, 534 F.3d at 165-66. The agency reasonably found it implausible that, in a single day, Wen learned about the CDP from a flyer, called and then met with its chairman, attended a CDP class, wired money to a CDP member in China, and wrote an article published on the CDP website. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-67 (2d Cir. 2007)(per curiam); *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) (providing that, in the context of an implausibility finding, "speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience."). Indeed, the implausibility of this account was borne out by Wen's later inconsistent testimony that these events did not occur in a single day. Wen did not provide a compelling explanation for his inconsistent testimony. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Finally, in light of its credibility findings with respect to Wen, the agency reasonably found that his wife's unsworn letter was entitled to limited weight and thus failed to rehabilitate his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam);

4

*Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). Given the demeanor, inconsistency, implausibility, and corroboration findings, the totality of the circumstances supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. That determination is dispositive of asylum, withholding of removal, and CAT relief as those claims are based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5